

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00041-CV

**IN RE** Luis E. **SIFUENTES**, Relator

Original Proceeding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: February 19, 2021

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Luis E. Sifuentes, the City of Eagle Pass's current mayor, has filed a petition for writ of mandamus. He argues the City Secretary misconstrued the term-limit provisions in the City's charter, and failed to comply with her legal duty to place his name on the ballot for reelection in the May 2021 municipal elections. We conditionally grant relief.

### BACKGROUND

In 2013, Sifuentes was elected to the City Council of Eagle Pass as a council member, Place 4, for a term of four years. In 2017, Sifuentes was re-elected to a second four-year term. In 2019 the Mayor of Eagle Pass resigned, Sifuentes resigned his city council seat to run for the unexpired mayoral term, and was elected mayor for an unexpired term of fifteen months.

In January 2021, Sifuentes timely applied to be placed on the ballot for the 2021 mayoral election. The City Secretary denied Sifuentes's application, citing the following term-limits provision in the City's charter:

> *Election and term*. The City Council shall be elected from the city at large for a term of four (4) years. At the general election of May 2011, Council Members for Places 1 and 3, shall run for a term of three (3) years. In the general election of May 2012, the mayor and council members for Places 2 and 4, shall run for a term of four (4) years. Thereafter, elections shall be held every two (2) years and each Council Member shall be elected for a term of four years. ***No person shall be elected for more than two (2) consecutive four-year terms.***

EAGLE PASS, TEX., CITY CHARTER, art. III, § 3-1(b) (emphasis added). Sifuentes then initiated this original proceeding.

## APPLICABLE LAW

Our court has original jurisdiction to issue writs of mandamus to enforce the Election Code. TEX. ELEC. CODE § 273.061. We may issue such writs "to compel the performance of any duty imposed by law in connection with the holding of an election." *Id.* In a municipal election, a qualified candidate generally is entitled to a place on the ballot by timely applying with the city's secretary. *See id.* §§ 143.004, 143.006(a). The mandamus record establishes Sifuentes timely filed an application with the City Secretary.

Without filing a judicial action, a city official may declare a candidate ineligible for a place on the ballot only as provided in section 145.003 of the Election Code. *Id.* § 145.003(a). Section 145.003 provides a city official may declare a candidate ineligible only if:

> (1) the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for the office; or
> (2) facts indicating that the candidate is ineligible are conclusively established by another public record.

*Id.* § 145.003(f). The mandamus record establishes the only reason why the City Secretary declared Sifuentes ineligible was the term-limits provision in the City's charter.

The part of the term-limits provision on which the City's secretary relied provides, "No person shall be elected for more than two (2) consecutive four-year terms." "We apply rules of statutory construction to construe municipal ordinances." *Hous. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 164 (Tex. 2016). "Our primary objective in construing the ordinance is to ascertain and give effect to the enacting body's intent." *Id.* "To discern that intent, we start with the plain and ordinary meaning of the ordinance's words, using any definitions provided by the enacting body." *Id.* "We read the ordinance as a whole, presuming the enacting body purposefully included each word." *Id.* "When clear, the text is determinative of the enacting body's intent unless the plain meaning produces an absurd result." *Id.* at 164–65.

We strictly construe legal restrictions on the right to hold office against ineligibility. *Wentworth v. Meyer*, 839 S.W.2d 766, 767 (Tex. 1992) (orig. proceeding). "This rule is particularly important where, as here, the language is susceptible of varied interpretations." *Id.* In applying this rule of strict construction, we must determine whether the candidate's interpretation is objectively unreasonable. *See id.*; *cf. Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 258 (Tex. 2017) (elaborating on analysis for applying rules of strict construction in the insurance context). Otherwise, we must adopt a candidate's interpretation even if the city official's interpretation "is also, or more, reasonable." *Cf. Nassar*, 508 S.W.3d at 258.[1]

## ANALYSIS

Sifuentes argues that if he were re-elected as mayor in May 2021, he will not have been "elected for more than two (2) consecutive four-year terms" as mayor. The City argues Sifuentes's

---

[1] Respondents argue a city's interpretation of its own charter is entitled to deference, but cites authorities applicable to advisory opinions issued by the Attorney General's Office. *See Boeing Co. v. Paxton*, 466 S.W.3d 831, 837–38 (Tex. 2015) (stating such opinions are entitled to "due consideration"); *City of Corpus Christi v. O'Brien*, No. 13-08-00267-CV, 2009 WL 265281, at *5 (Tex. App.—Corpus Christi Feb. 5, 2009, pet. denied) (mem. op.) (stating the Attorney General's Office does not ordinarily render advisory opinions interpreting city charters out of deference to city officials).

construction is unreasonable because "terms" clearly and unambiguously refers to any four-year term, either as a council member or mayor. When considering the plain language of the term-limits provision and the City's charter as a whole, we cannot say Sifuentes's construction is objectively unreasonable.

The term-limits provision establishes four-year terms for the mayor and each council member, and distinctly identifies each office. *See* EAGLE PASS, TEX., CITY CHARTER, art. III, § 3-1(b). Other provisions of the City Charter and Code of Ordinances reinforce the distinction between the city's mayor and each council member. *See, e.g.*, EAGLE PASS, TEX., CODE OF ORDINANCES, § 9-3 (authorizing the mayor alone to participate in interjurisdictional programs with other heads of local government); § 10-4 (designating the mayor as an ex-officio member on the boards of trustees of city-owned utilities). Furthermore, the Texas Constitution, including the resign-to-run provision, distinguishes between a mayor and a council member. TEX. CONST. arts. XI, § 11(a), XVI, § 65(b). Unlike the language found in other charters' term-limit provisions, the plain language of the term-limits provision in the City's charter does not clarify whether a candidate is prohibited from seeking consecutive election to a four-year term as either a council member or mayor. *Cf., e.g.*, *In re Scott*, No. 13-17-00148-CV, 2017 WL 1173829, at *2 (Tex. App.—Corpus Christi Mar. 29, 2017, no pet.) (mem. op.) (construing term-limits provision that clarified term limits for combined service as council member and mayor).

The language of the charter did not appear to preclude Sifuentes from running for mayor for an unexpired term following his election to a second four-year term as council member. Nor does it unambiguously prohibit his election to a four-year term as mayor not immediately following his reelection to a four-year term as a council member. It is undisputed that in Sifuentes's most recent election (the special election for mayor), he was elected to serve as the mayor for an unexpired term of fifteen months, which is less than four years. Consequently, Sifuentes seeks for

the first time to file for election to a four-year term as mayor in May 2021, a distinct and separate seat from a council member on the City Council. We therefore hold the term-limits provision is susceptible to varied interpretations, including Sifuentes's construction, under which he is eligible to file for election to a four-year term as the City's mayor.

## CONCLUSION

We must strictly construe the term-limits provision in the City's charter against ineligibility, even if the City Secretary's construction is also—or even more—reasonable. Because we cannot say Sifuentes's construction is objectively unreasonable, we conclude the Election Code legally obligates the City Secretary to accept Sifuentes's application for a place on the ballot for the City's mayoral race in the May 2021 municipal elections. We therefore conditionally grant Sifuentes's petition for writ of mandamus.

Rebeca C. Martinez, Chief Justice